Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| TAILI TEE THULA TOVAR Peticionaria v. ASDRÚBAL SIMÓN MATA CABELLO Recurrido | TA2025CE00025 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón Civil Núm. BY2023CV03497 Sobre: División de Gananciales |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Rodríguez Casillas, juez.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 16 de octubre de 2025.

Comparece la Sra. Taili Tee Thula Tovar ("señora Thula Tovar" o "peticionaria") mediante el recurso de *certiorari* para que revisemos la *Orden* emitida el 1 de mayo de 2025, por el Tribunal de Primera Instancia, Sala Superior de Bayamón ("TPI" o "foro de instancia"). Allí, el TPI designó como Comisionado Especial al Lcdo. Carlos S. Dávila Vélez ("Comisionado Especial") para intervenir en el caso, dado que las partes de epígrafe no logran ponerse de acuerdo sobre el descubrimiento de prueba, el inventario de bienes de la Sociedad Legal de Gananciales, y una transacción para finalizar el pleito. Además, ordenó en un plazo de 15 días de notificada la orden, que cada parte depositara la suma de $1,250.00 en el foro de instancia como anticipo a la labor del Comisionado Especial.

En cuanto al anticipo ordenado por el TPI, la peticionaria presentó una moción de reconsideración el 16 de mayo de 2025. Sin embargo, el aludido foro concurrió con la determinación del Comisionado Especial al declarar *Sin Lugar* la solicitud para que se le relevara del pago.

Examinada la totalidad del expediente, **denegamos** el presente recurso de *certiorari*. Veamos.

-I-

Surge de expediente que el **22 de junio de 2023** la señora Thula Tovar presentó una *DEMANDA DE DIVISIÓN DE COMUNIDAD POST GANANCIAL* contra el Sr. Asdrúbal Simón Mata Cabello ("señor Mata Cabello" o "recurrido").[1] Solicitó, entre otras cosas, que se declarara con lugar la acción instada y se emitieran varias órdenes contra el señor Mata Cabello, incluyendo que se sometiera a un proceso de descubrimiento de prueba para liquidar la Sociedad Legal de Gananciales compuesta por las partes de epígrafe.

Mediante *Orden* emitida el **11 de julio de 2023** y notificada el **13 de julio de 2023**,[2] el TPI ordenó a la peticionaria a acreditar y valorizar los bienes muebles e inmuebles pertenecientes a la comunidad ganancial y postganancial constituida por ella y el señor Mata Cabello, e incluir una copia de la sentencia de divorcio.

En cumplimiento de orden, el **24 de julio de 2023** la señora Thula Tovar presentó una moción,[3] en la cual sometió el inventario solicitado por el TPI y adjuntó los documentos acreditativos del régimen ganancial, tales como: la escritura de compraventa del inmueble utilizado como vivienda familiar principal; las planillas de contribución sobre ingresos de los años 2017 y 2018 las cuales expresamente acreditan la exclusión de casado con capitulaciones de total separación de bienes; sentencia de divorcio de Colombia; y la sentencia de exequátur.

En respuesta, el **28 de julio de 2023** el señor Mata Cabello contestó la demanda y sometió una reconvención.[4] Anejó los siguientes documentos: Certificado de Matrimonio del estado de

---

[1] Entrada Núm. 1 del caso *BY2023CV03497*.
[2] Entrada Núm. 10 del caso *BY2023CV03497*.
[3] Entrada Núm. 11 del caso *BY2023CV03497*.
[4] Entrada Núm. 13 del caso *BY2023CV03497*.

Florida, EE. UU.; *PRENUPTIAL AGREEMENT* con fecha del 13 de marzo de 2008; Estado de cuenta de Banco Popular de Puerto Rico de Febrero 2020.[5] Así, solicitó que se declarara no ha lugar la acción instada por la señora Thula Tovar, y en cambio, se ordenara la liquidación de la comunidad de bienes existente entre las partes.

Evaluada la contestación y reconvención del recurrido, el **28 de julio de 2023**,[6] el TPI dispuso que se uniera al expediente. Además, ordenó a las partes lo siguiente:

> *Por otra parte, Informe a tenor con la Regla 37.1 de Procedimiento Civil, […] ("Informe 37.1"); deberá ser presentado para el 25 de agosto de 2023. Se apercibe a las partes que la Parte G del Informe, "Itinerario Para El Descubrimiento de Prueba", debe ser completada en su totalidad. De lo contario, el Informe se catalogará como "no puesto (presentado)". La responsabilidad de presentar el informe es solidaria, y el incumplimiento con este requerimiento resultará en una sanción automática de ciento cincuenta ($150.00) dólares a cada parte, a favor del Gobierno de Puerto Rico. Informe debe ser radicado íntegramente por las partes, no se admitirán informes radicados por parte (separado). Tribunal no va a preguntar, y por lo tanto no será pertinente, que parte(s) (si alguna) falló en integrar su parte del Informe y/o cargar al Sistema Unificado de Manejo y Administración de Casos ("Sumac").*
>
> *Las partes disponen de siete (7) meses, o hasta el 29 de febrero de 2024; para culminar el descubrimiento de prueba (en adelante, el "Término"). El Tribunal podría acortar el Término sujeto a evaluaciones periódicas del expediente, pero las partes no podrán alargar el Término salvo la demostración de circunstancias extraordinarias. Términos incluidos para descubrimiento de prueba en Informe 37.1 debe reflejar el Término concedido por el Tribunal. De lo contrario, Informe 37.1 será devuelto.*
>
> *Oportunamente el Tribunal señalará Vista sobre el Estado de los Procedimientos, Vista Transaccional y/o Conferencia con Antelación a Juicio. Salvo orden en contrario, las vistas serán celebradas de manera presencial.*
>
> *Además, advertimos a las partes que:*
>
> 1. *El Tribunal parte de la premisa que no debería ser necesario señalamiento de vista(s) para que las partes se comunique razonablemente entre sí, en ánimos de cumplir con la Regla 1 de Procedimiento Civil (2009). Es decir, para una "… solución justa, rápida y económica de todo procedimiento."*
> 2. *Agoten los remedios que proveen las Reglas de Procedimiento Civil, en particular lo relevante a controversias en torno al descubrimiento y la Regla 34 […]; y resuelvan posibles controversias sobre el descubrimiento de prueba, antes de solicitar la intervención del Tribunal.*

---

[5] Anejo de la Entrada Núm. 13 del caso *BY2023CV03497*.
[6] Notificada el 1 de agosto de 2023.

*De subsistir alguna controversia, deberá acreditarse las respectivas posiciones de las partes. El Tribunal señalará vista, y resolverá con la correspondiente imposición de severas sanciones a la parte que ha asumido posiciones irrazonables, erróneas o intransigentes.*

*No es requisito, en esta Sala; que las partes presenten mociones al expediente sobre la entrega a la otra parte(s) de métodos de descubrimiento de prueba.*

3. *Toda moción presentada y que requiera una reacción/oposición se regirá, sin más aviso que el presente; por el término automático de veinte (20) días que provee la Regla 8.4 de las de Procedimiento Civil (2009) […]. Lo anterior incluye, y entre otras, mociones presentadas a tenor con la Reglas 10.2 de Procedimiento Civil […]; y 36.3(a) de Procedimiento Civil […]. Partes deberán de presentar en Secretaría copia de cortesía de mociones presentadas a tenor con Reglas 10.2; y 36.3(a) de Procedimiento Civil, Igual orden aplica a las mociones presentadas en oposición de dichas mociones dispositivas.*

4. *Mociones de prórroga, si algunas, tienen que cumplir con la Regla 68.2 de Procedimiento Civil […], y Arriaga v. F.S.E., 145 DPR 122, 132 (1998).*

5. *Transcurrido el término concedido para fijar posición/presentar oposición, la moción quedará sometida, y el Tribunal resolverá según en derecho proceda. No se permitirán réplicas (o escritos posteriores) salvo que el Tribunal específicamente las ordene. El incumplimiento de lo anterior resultará en sanciones a tenor con las Reglas 37.7 y 44.2 de las de Procedimiento Civil (2009).*

6. *Los abogados deben ser "cuidadosos y diligentes en el manejo de sus casos". In re Marini Román, 165 DPR 801 (2005). Por tanto, el Tribunal espera que toda comunicación y/o correo electrónico dirigido entre las partes sea atendida en término no mayor de siete (7) días.*

7. *De imponerse sanciones a las partes, el Tribunal no dejará sin efecto las mismas. El giro o cheque deberá(n) hacerlo a nombre del Secretario del Tribunal, y se deberá de acreditar el pago de las sanciones en término de catorce (14) días. El Tribunal confía en que esta medida cautelar no será necesaria.*

*Por último, el Tribunal les recomienda a las partes que se comuniquen entre sí con suficiente tiempo (días) previo a cada*

*señalamiento que se paute en el caso de autos.[7]*

El **8 de septiembre de 2023**, el señor Mata Cabello sometió una *MOCIÓN EN SOLICITUD DE DESESTIMACION DE LA DEMANDA Y EN SOLICITUD DE ORDEN PROTECTORA AL AMPARO DE LA REGLA 23.2(B)*.[8] Solicitó la desestimación de la acción en torno a la solicitud de Hogar Seguro sobre el bien inmueble ubicado en la Urbanización Estancias Reales #43 de la Calle Príncipe Alberto en Guaynabo, por ser dicha solicitud de la competencia de la Sala de Familia y Menores. Además, solicitó que se desestimara la totalidad demanda de epígrafe, ya que no habían sido declaradas nulas, ineficaz o revocadas las capitulaciones matrimoniales; o en la alternativa que el TPI hiciera una determinación sobre la validez y eficacia de las referidas capitulaciones. Por último, requirió una orden protectora a los fines de que se limite el alcance del descubrimiento de prueba en el presente caso a los asuntos que estén estrictamente relacionados con el bien inmueble común y a la cuenta de banco común entre las partes.

Así las cosas, el **2 de noviembre de 2023**, las partes presentaron una moción conjunta sobre los estados de los procedimientos.[9]

En cumplimiento de orden, el **6 de noviembre de 2023** la señora Thula Tovar sometió una moción en oposición a la desestimación.[10] Entre otras cosas, solicitó que se declarará no ha lugar la moción de desestimación y ordenará al señor Mata Cabello a cumplir con el descubrimiento de prueba. Además, solicitó que se adjudicará que las partes habían adoptado el régimen económico de la Sociedad Legal de Gananciales.

---

[7] Entrada Núm. 14 del caso *BY2023CV03497. Citas omitidas.*
[8] Entrada Núm. 31 del caso *BY2023CV03497.*
[9] Entrada Núm. 50 del caso *BY2023CV03497.*
[10] Entrada Núm. 51 del caso *BY2023CV03497.*

El **27 de noviembre de 2023**,[11] el TPI dictó *RESOLUCIÓN Y ORDEN* declarando *no ha lugar* la moción de desestimación. Resolvió la novación del contrato matrimonial. Además, determinó que las partes se casaron en Puerto Rico bajo el régimen de sociedad de bienes gananciales, por lo que la señora Thula Tovar tenía derecho a solicitar la residencia principal como hogar seguro para ella y sus hijos.

Tras de varios trámites procesales, el **15 de febrero de 2024** el señor Mata Cabello presentó un recurso de certiorari en el caso *KLCE202400195* ante este foro intermedio.[12] El **27 de febrero de 2024** fue denegado el auto de *certiorari* solicitado.[13]

Referente al descubrimiento de prueba, la señora Thula Tovar sometió varias mociones para que el TPI compeliera al señor Mata Cabello a su incumplimiento.[14] Además, solicitó al TPI, en varias ocasiones, que tomara conocimiento de su estado de indefensión económica.[15]

Tras varios trámites, el **1 de mayo de 2025** el TPI emitió la *Orden* recurrida,[16] en la que determinó lo siguiente:

> *Mediante Orden notificada el 28 de marzo de 2025, y en consideración a que el caso de autos presenta aparentes complejas controversias tanto de naturaleza contable, como de derecho; el Tribunal apercibió a las partes, "que, ante las múltiples controversias habidas en el caso de autos, el Tribunal pudiese nombrar un Comisionado" en el caso de autos.*
> *La parte demandante presentó el 10 de abril de 2025 Cumplimiento de Orden sobre Recomendación de Comisionado, donde sugirió a la Lcda. Noemi Landrau Rivera. La parte demandada propuso al Lcdo. Leónides Graulau Quiñones en Moción Proponiendo Comisionado presentada el 14 de abril de 2025.*
> *La parte demandada se opuso a la designación de la Lcda. Landrau Rivera en Moción en Oposición a Propuesta de Comisionado y en Solicitud de Prórroga presentada el 11 de*

---

[11] Notificada el mismo día.; Entrada Núm. 58 del caso *BY2023CV03497*.

[12] Entrada Núm. 87 del caso *BY2023CV03497*.

[13] Entrada Núm. 92 del caso *BY2023CV03497*.

[14] Las mociones fueron radicadas los días 7 de noviembre de 2023, 10 de noviembre de 2023, 21 de diciembre de 2023, 13 de diciembre de 2023, 7 de febrero de 2024. Véase; Entradas Núm. 53, 55, 61, 66, 82 del caso *BY2023CV03497*.

[15] Las mociones fueron radicadas los días 11 de enero de 2024, 6 de mayo de 2025, 16 de mayo de 2025, 19 de mayo de 2025. Véase; Entradas Núm. 76, 193, 200, 205 del caso *BY2023CV03497*.

[16] Notificada el 1 de mayo de 2025.; Entrada Núm. 189 del caso *BY2023CV03497*.

*abril de 2025. La parte demandante se opuso a la designación del Lcdo. Graulau Quiñones en Oposición a Recomendación de Comisionado & Aclaración sobre Ataques Ad Hominem presentada el 22 de abril de 2025.*

*El Tribunal designa como Comisionado Especial al Lcdo. Carlos S. Dávila Vélez […].*

***El Comisionado ejercitará los poderes y facultades que indica la Regla 41.3 de las de Procedimiento Civil. El Comisionado Especial resolverá todas las controversias que queden pendientes por ser dilucidadas en este caso, estableciendo un listado de activos y pasivos de los bienes de la extinta sociedad legal de gananciales, su avalúo y adjudicación. También dispondrá de todos los créditos que las partes aleguen tener a su favor al dividir la comunidad de bienes que tienen constituida, así como los débitos que se imputen a la parte adversa.***

*El Comisionado Especial dirigirá los procedimientos en todos los incidentes posteriores a este nombramiento, incluyendo el descubrimiento de prueba que quede pendiente y celebrará las conferencias o vistas que sean necesarias para disponer de su encomienda. Además, el Comisionado Especial queda facultado por esta orden a atender y resolver cualesquiera otras controversias que surjan como secuela o estén relacionadas con las esbozadas anteriormente.*

*Si alguna de las partes injustificadamente dejare de comparecer a una vista o conferencia, el Comisionado Especial podrá recomendar al Tribunal la imposición de sanciones apropiadas.*

*El Comisionado Especial recibirá la prueba testifical y documental que ofrecerán las partes para resolver todas las controversias de hechos y de derecho relacionada con su encomienda. Podrá citar a cualquier testigo incluyendo a las partes y/o requerir que se produzca cualquier evidencia que sea pertinente y necesaria para resolver las controversias pendientes en el caso y decidirá sobre la admisibilidad de la evidencia, adjudicará la credibilidad que ésta le merezca, tomará juramento a los testigos y mantendrá el orden en los procedimientos.*

*Las partes podrán obtener la comparecencia de testigos ante el Comisionado Especial mediante la expedición y notificación de citaciones conforme se dispone en la Regla 40 de Procedimiento Civil. El testigo que dejare de comparecer o testificar, sin excusa adecuada, podrá ser castigado por desacato y quedar sujeto a las consecuencias, penalidades y remedios provistos en la Regla 34 y 40 de las de Procedimiento Civil.*

*Las vistas ante el Comisionado Especial se celebrarán en el lugar que escojan las partes previa coordinación del Comisionado Especial.*

*El Comisionado Especial podrá solicitar de las partes la presentación de memorandos sobre los extremos que determine pertinentes.*

*Las partes deberán notificar todos los escritos que radiquen en el presente caso al Comisionado Especial, y dichos escritos indicarán inmediatamente después del epígrafe, en letras mayúsculas, en negrillas, lo siguiente:*

***TRAMITE AL EXPEDIENTE JUDICIAL – ASUNTO A SER ATENDIDO POR EL COMISIONADO ESPECIAL– NO REFERIR AL JUEZ***

*Una vez sometido el caso por ambas partes, el Comisionado Especial formulará un informe escrito en el que hará determinaciones de hechos y conclusiones de derecho, presentándolo a la Secretaría del Tribunal, dando cumplimiento a la Regla 41.5 de las de Procedimiento Civil.*

*Luego de recibir el Informe Final del Comisionado Especial y las objeciones de las partes, el Tribunal puede actuar de la siguiente manera: puede aceptarlo y adoptarlo como suyo, modificarlo, o rechazarlo en todo o en parte.*

*Una vez se emita el Informe Final y éste sea aprobado, se emitirá la Sentencia aprobando el mismo y ordenando se pongan en vigor las determinaciones y adjudicaciones hechas por el Comisionado Especial en su Informe Final.*

*La encomienda del Comisionado Especial terminaría con la aprobación total, parcial o no aprobación por el Tribunal de su Informe Final.*

*Los honorarios del Comisionado Especial se pagarán a razón de $175.00 por hora de labor realizada, previa aprobación del Tribunal, los cuales serán sufragados por las partes de epígrafe por partes iguales. Además de los honorarios, se le reembolsarán por separado todos los gastos incidentales tales como fotocopias, facsímiles, llamadas de larga distancia, gastos de viaje y cualquier otro gasto relacionado.*

*En consideración a lo expuesto, el Comisionado Especial presentará facturas parciales, según realice su labor, en los periodos de tiempo que estime apropiados. Además, preparará Minutas o Informes de las conferencias o vistas que celebre, de suerte que el Tribunal quede informado del desarrollo del caso.*

***En el plazo de quince (15) días de notificada esta orden, cada una de las partes depositará en el Tribunal la cantidad de $1,250.00 como anticipo a la labor del Comisionado Especial.***

***Una vez notificada esta Orden, el Comisionado Especial, luego de examinar el expediente, deberá citar a una conferencia a los fines de evaluar la posibilidad de transigir el pleito ejercitando gestiones de mediación. El Comisionado Especial determinará, según su mejor criterio, en qué momento se han descartado las posibilidades de transacción, e iniciará entonces aquellos procedimientos necesarios para el descargo de sus funciones como Comisionado Especial.***

*Se exime al Comisionado Especial, como funcionario del Tribunal, de cancelar aranceles. Se releva al Comisionado Especial de la prestación de fianza.*

*El Comisionado Especial podrá resolver aspectos parciales o interlocutorios del caso, a los fines de acelerar los procedimientos y hacer determinaciones sobre las controversias que considere que deben resolverse preliminarmente.*

*Como parte de sus funciones, el Comisionado Especial tendrá la potestad de determinar si alguna de las partes ha actuado con temeridad, o a atrasado indebidamente los procedimientos, y recomendará al Tribunal las sanciones que estime pertinentes.*[17]

El **16 de mayo de 2025**, la señora Thula Tovar solicitó una reconsideración en cuanto a la fijación de honorarios.[18] En resumen, señaló que se encontraba en un estado de indefensión económica; además que, las dilaciones habían sido atribuibles exclusivamente

---

[17] Entrada Núm. 189 del caso *BY2023CV03497*.
[18] Entrada Núm. 200 del caso *BY2023CV03497*.

al señor Mata Cabello por lo que se debía reconsiderar la orden emitida y ser relevada de dichos honorarios.

El **20 de mayo de 2025**, el Comisionado Especial refirió la reconsideración al TPI.[19] No obstante, al día siguiente el Comisionado Especial la declaró Sin lugar.[20] De igual modo, el **22 de mayo de 2025** el foro de instancia concurrió con la determinación del Comisionado Especial.[21]

Inconforme, el **23 de mayo de 2025** la señora Thula Tovar recurrió ante mediante el recurso de *certiorari* y señaló la comisión de los siguientes dos (2) errores:

> *(1). PRIMER SEÑALAMIENTO DE ERROR – ERRÓ EL TPI AL NO RELEVAR A LA DEMANDANTE DEL PAGO DE HONORARIOS DEL COMISIONADO ESPECIAL, Y AL HACERLO SIN LA CELEBRACIÓN DE VISTA EVIDENCIARIA.*
>
> *(2). SEGUNDO SEÑALAMIENTO DE ERROR – ERRÓ EL TPI AL NOMBRAR UN COMISIONADO ESPECIAL BAJO LOS PARÁMETROS DE LAS REGLAS DE PROCEDIMIENTO CIVIL.*

El **8 de julio de 2025** el señor Mata Cabello presentó la *OPOSICIÓN A CERTIORARI.*

El **9 de julio de 2025** dimos por sometido el asunto para la consideración del Panel Especial.

**-II-**

El auto de *certiorari* es un medio procesal de carácter discrecional, que a su vez, permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[22] Así, se entiende por discreción como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[23]

Por ello, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender —*vía certiorari*— las resoluciones y órdenes emitidas por los tribunales de instancia:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera*

---

[19] Entrada Núm. 206 del caso *BY2023CV03497.*
[20] Entrada Núm. 207 del caso *BY2023CV03497.*
[21] Entrada Núm. 210 del caso *BY2023CV03497.*
[22] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019).; *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).
[23] *García v. Asociación,* 165 DPR 311, 321 (2005).

*Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. **Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión**.* […].[24]

Bajo el carácter de discrecionalidad, la Regla 40 del Reglamento de este Tribunal de Apelaciones establece los siguientes criterios para mostrar causa o para la expedición del auto de *certiorari:*

> (A) *Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
> (B) *Si la situación de hechos planteada es la más indicada para el análisis del problema.*
> (C) *Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
> (D) *Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
> (E) *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
> (F) *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
> (G) *Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*[25]

En consecuencia, el Tribunal Supremo de Puerto Rico ha dispuesto que:

> *[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[26]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable —ni perjudica los derechos

---

[24] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1. *Énfasis nuestro.*

[25] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62 – 63, 215 DPR __ (2025).

[26] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992).; *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

sustanciales de las partes— deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso.[27]

**-III-**

En esencia, la peticionaria nos señala que el TPI erró al no relevarla del pago de honorarios del Comisionado Especial e imponerlos sin haber celebrado una vista evidenciaria. Sostiene, además, que el foro de instancia incidió al nombrar un Comisionado Especial bajo los parámetros de las Reglas de Procedimiento Civil.

No obstante, un examen detenido de la Orden recurrida nos lleva a concluir que se trata de una decisión dentro del sano ejercicio de discreción conferido a los tribunales de instancia y a su facultad de manejar los casos de la manera que entiendan más adecuada.

Por lo cual, aun cuando la Regla 52.1 de Procedimiento Civil, *supra*, —por excepción— nos faculta para atender asuntos de familia, no hay en la determinación recurrida ninguna de las excepciones allí enunciadas. De igual modo, no hay prueba en el expediente tendente a demostrar que están presentes alguno de los criterios de la citada Regla 40 del Reglamento del Tribunal Apelaciones.

En consecuencia, el TPI abusó de su discreción o actuó con perjuicio, parcialidad o error manifiesto al emitir la Orden recurrida.

**-IV-**

Por los fundamentos antes expuestos, **denegamos** la expedición del auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[27] *SLG Zapata- Rivera v. JF Montalvo,* 189 DPR 414, 434 – 435 (2013).